IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ELLIOTT,<br><br>                  *Plaintiff*,<br><br>v.<br><br>AKATOR CONSTRUCTION,<br><br>                  *Defendant.* | Civil Action No. 2:21-cv-337<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

*Pro se* Plaintiff Richard Elliott ("Elliott") brought this civil rights action against Defendant Akator Construction ("Defendant") in March of 2021, by completing the pre-printed United States District Court's Complaint for Violation of Civil Rights form. (ECF Nos. 1, 3, and 4). Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), and, in the Alternative for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), along with a supporting brief. (ECF Nos. 7 and 8). The Court issued a briefing schedule (ECF No. 11), and Elliott filed a letter stating that his rights were violated when Defendant fired him. (ECF No. 10). The Court notified Elliott that his submission was not responsive to Defendant's motion. Elliott was ordered to respond to Defendant's motion or file an Amended Complaint. (ECF No. 11). He chose not to file an Amended Complaint, and instead filed a letter stating that his case should not be dismissed because he was wrongfully fired and has witnesses. (ECF No. 12). Defendant's Motion to Dismiss is ripe for adjudication, and for the following reasons it will be granted.

1

## I. STANDARD OF REVIEW

### A. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In practice, this liberal pleading standard works as "an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring). If a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364, 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969).

### B. Rule 12 Motions

"When a motion to dismiss is based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses become moot and need not be addressed." *Wyeth and Cordis Corp. v. Abbot Labs.*, No. 08–0230, 2008 WL 2036805, at *2 (D.N.J. May 8, 2008) (citation omitted); *see also Tagayun v. Lever & Stolzenberg*, 239 F. App'x 708, 710 (3d Cir. 2007) ("An actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case.") (citation omitted); *McCurdy v. Esmonde*, No. 02-4614, 2003 WL 223412, at *4 (E.D. Pa. Jan. 30, 2003) ("Without jurisdiction the court cannot proceed at all in any cause.") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)).

i.      **Rule 12(b)(1)**

Under Rule 12(b)(1), a court must grant a motion to dismiss if there is a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the Court's authority to hear a case. If a case, as presented by a plaintiff, does not meet the requirements of subject matter jurisdiction or if it is otherwise barred by law, then the Court must dismiss the case. A plaintiff bears the burden of persuasion that federal jurisdiction is present. *Saint Vincent Health Ctr. v. Shalala*, 937 F. Supp. 496, 501 (W.D. Pa. 1995) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

The defendant can challenge whether a plaintiff has done so, through either a facial challenge or a factual challenge to the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). In a facial challenge, a court looks to the face of the complaint and accepts as true the facts alleged by the plaintiff. *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). If a court cannot conclude, based on face of the complaint, that jurisdictional requirements are met, then it must dismiss the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Thus, "'[t]hreadbare recitals of the elements of [jurisdiction], supported by mere conclusory statements, do not suffice.'" *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (quoting *Iqbal*, 556 U.S. at 678).

In a factual challenge, however, a plaintiff's factual allegations are not presumed to be true, and a court "is free to weigh the evidence and satisfy itself as to the existence of its power

3

to hear the case." *Hartig Drug Co.*, 836 F.3d at 268. A factual challenge may only be raised after an answer has been filed. *Long v. SEPTA*, 903 F.3d 312, 320 (3d Cir. 2018).

Thus, any motion to dismiss for lack of subject matter jurisdiction filed prior to an answer is, by default, a facial challenge. *Id.* That is the case with Defendant's challenge herein.

      ii.     **Rule 12(b)(6)**

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Iqbal*, 556 U.S. at 678. A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although this Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not

entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

## II. ANALYSIS

Elliott chose not to file an Amended Complaint despite being given the opportunity to do so by the Court. Therefore, his Complaint remains sparse. On the pre-printed Complaint for Violation of Civil Rights form that Elliot completed and filed, he checked the box indicating he is bringing a *Bivens*[1] claim. (ECF No. 4, p. 3). He contends that he was let go by Defendant as a result of being unable to work due to an unspecified medical condition, and that Defendant was aware of his condition. (ECF No. 4, pp. 3-4). For the following reasons, the Court will dismiss Elliott's Complaint pursuant to 12(b)(1) as it lacks subject matter jurisdiction.

First, diversity jurisdiction does not exist. Diversity jurisdiction is defined by statute in relevant part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> \*  \*  \*
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a

---

[1] To state a claim under *Bivens*, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. Since the Supreme Court decided *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), it has recognized an implied private action against federal officials in three cases: (1) *Bivens* itself — "a claim against FBI agents for handcuffing a man in his own home without a warrant" under the Fourth Amendment; (2) "a claim against a Congressman for firing his female secretary" under the Fifth Amendment (*Davis v. Passman*, 442 U.S. 228 (1979)); and (3) "a claim against prison officials for failure to treat an inmate's asthma" under the Eighth Amendment (*Carlson v. Green*, 446 U.S. 14 (1980)). The Supreme Court has also "repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017).

>foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

28 U.S.C. § 1332(a)(2). Here, although Elliott contends the amount in controversy is $75,000, both he and Defendant are citizens of Pennsylvania. Therefore, because all parties are citizens of Pennsylvania, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 have not been met.

Second, federal question jurisdiction does not exist. Federal question jurisdiction exists when a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action only arises "under the laws of the United States" if "the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme v. MCI Corp.*, 328 F. App'x 768, 770 (3d Cir. 2008) (quoting *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir. 1974)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Elliott has failed to allege any facts which would demonstrate that Defendant is subject to suit under *Bivens*. Defendant is not a federal actor. It is a private entity – a general contractor specializing in residential and light commercial construction around southwestern Pennsylvania. (ECF No. 8, p. 1). Thus, it cannot be said that Defendant - a private construction company - was acting under the color of federal law when it terminated Elliott. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001) (holding that there is no implied right of action, pursuant to *Bivens*, for damages against private entities that engage in alleged constitutional

deprivation while acting under the color of federal law). Elliott has advanced no cause of action based upon federal law.

Elliott's Complaint will be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction. As it is clear the Court does not have subject matter jurisdiction over Elliott's claim, any amendment is deemed futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); *see also* 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2021) ( "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

Defendant's motion under Rule 12(b)(6) is rendered moot because the Court has no jurisdiction in this matter. Nevertheless, the Court would note that Elliott's Complaint fails to state a claim for relief. It provides no specific factual averments explaining exactly what constitutional rights were violated by Defendant. Furthermore, as already noted, Defendant is not a federal actor and therefore, it cannot be said that Defendant - a private construction company - was acting under the color of federal law when it terminated Elliott. Thus, Elliott cannot state a plausible *Bivens* claim.

### III.   CONCLUSION

After consideration of Elliott's Complaint and the documents he has filed in support, Defendant's Motion to Dismiss and Brief in Support, and for the foregoing reasons, Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) will be granted. Elliott's Complaint will be dismissed without prejudice for want of subject matter jurisdiction. Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is rendered moot. A separate order will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

_7-22-21_____
Date